# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Grant Gillham, | Case No. 2:23-cv-01543-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| United States Department of Veterans Affairs, | |
| Defendant. | |

Before the Court is Defendant United States Department of Veterans Affairs' motion to set aside the Clerk's entry of default. (ECF No. 17). Defendant argues that pro se Plaintiff David Gillham did not properly serve the summons and complaint. Because the Court finds that Plaintiff initially[1] failed to properly serve Defendant, the Court grants Defendant's motion to set aside the Clerk's entry of default.[2]

This matter is also before the Court on Defendant's failure to meet the stipulated, October 17, 2025, deadline to respond to Plaintiff's complaint. (ECF No. 27). The parties had stipulated to extend Defendant's response deadline so that they could pursue a resolution of the case. So, the Court will further order the parties to file a joint status report regarding that resolution.

**I.     Motion to set aside default.**

Under Rule 55(c) of the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause." Setting aside an entry of default under Rule 55(c) is "simpler

---

[1] Since Plaintiff filed the executed summons on which he sought default (ECF No. 12), Plaintiff has filed a renewed executed summons (ECF No. 21), and Defendant has sought extensions of time to respond to Plaintiff's complaint (ECF Nos. 22, 24, 26).

[2] The undersigned magistrate judge has the authority to vacate the entry of default on an order. *See Rowe v. Wolfson*, No. 2:23-cv-01076-APG-BNW, 2025 WL 2855134, at \*2 (D. Nev. Oct. 6, 2025) (citing *Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972 (D. Colo. July 19, 2018), *aff'd*, 781 F. App'x 754 (10th Cir. 2019) (stating that, "[a] motion to set aside a clerk's entry of default is **not** a dispositive motion") (emphasis in original)).

and more straightforward than setting aside a default judgment under Rule 60(b)." *See U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) ("[I]n the Rule 55 context, there is no interest in the finality of the judgment with which to contend."). In deciding whether to set aside an entry of default, courts may consider, among other things, whether the party seeking to set aside the default engaged in culpable conduct that led to the default, whether the party seeking to set aside the default had a meritorious defense, and whether reopening the default judgment would prejudice the other party. *See id.* at 1091. The Court's discretion is "especially broad" when setting aside entry of default as opposed to default judgment. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986).

A party is only obligated to appear and defend if it has been properly served. *See Ewing v. Isaac*, 22-cv-1009 JLS (MDD), 2022 WL 17254757, at *3 (S.D. Cal. Nov. 28, 2022) (citing cases). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). "If Defendant was not properly served, then good cause exists to set aside the entry of default." *Nicolari v. Douglas Cnty., NV*, No. 3:24-CV-00169-ART-CSD, 2024 WL 4332700, at *2 (D. Nev. Sept. 27, 2024), *appeal dismissed sub nom. Nicolari v. Cnty. of Douglas*, No. 24-6129, 2024 WL 5306108 (9th Cir. Oct. 24, 2024); *see Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where defendant was not properly served); *see Olson v. Nevada*, No. 3:23-CV-00513-ART-CLB, 2025 WL 1211037, at *1 (D. Nev. Apr. 25, 2025).

Under Federal Rule of Civil Procedure 4(i)(2), a plaintiff may effectuate service on an agency of the United States by serving the United States and sending a copy of the summons and complaint by registered or certified mail to the agency. Rule 4(i)(1) governs serving the United States and requires a plaintiff to do the following:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Here, the Court grants Defendant's motion to set aside the Clerk's entry of default because Plaintiff's executed summons on which he sought entry of Clerk's default did not show that he had properly served Defendant. On July 16, 2024, Plaintiff filed an affidavit of a process server who only claimed to have served an individual in the United States Department of Veterans Affairs, Office of the General Counsel in Washington, D.C. (ECF No. 12). Referencing this affidavit, Plaintiff then sought and obtained the Clerk's entry of default. (ECF No. 13, 15).

However, Plaintiff's July 16, 2024, affidavit of service was not sufficient to show that Plaintiff had complied with Federal Rule of Civil Procedure 4(i). So, the Court finds that there is good cause to set aside the default. Additionally, considering the factors that the Ninth Circuit outlined in *U.S. v. Signed Pers. Check*, the Court finds that setting aside the default is appropriate here. Defendant did not engage in culpable conduct that led to the default, Defendant may have a meritorious defense, and reopening the default would minimally prejudice Plaintiff because Plaintiff may still litigate his case on the merits. Finally, Plaintiff has not presented a meritorious opposition to Defendant's motion to set aside the default. The Court will therefore grant Defendant's motion to set aside Clerk's default.

**II.    Joint status report.**

On September 29, 2025, the Court granted the parties' stipulation to extend time for Defendant to respond to Plaintiff's complaint. (ECF No. 27). In that stipulation, the parties agreed that Defendant would file a response on or before October 17, 2025. The parties explained that they had scheduled a meet and confer for October 10, 2025, to discuss a possible resolution of the case. However, since the Court granted the stipulation, neither party has filed anything further in this case. The Court will therefore order the parties to file a joint status report regarding their resolution efforts.

//

///

///

**IT IS THEREFORE ORDERED** that Defendant's motion to set aside Clerk's entry of default (ECF No. 17) is **granted.** The Clerk of Court is kindly directed to set aside the entry of default at ECF No. 15.

**IT IS FURTHER ORDERED** that the parties must file a joint status report on or before **December 29, 2025**, regarding their efforts aimed at resolving this case.

DATED: November 25, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE